IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| T.G., by and through his mother, Ta.G.; C.B, by and through his mother, K.O.; L.H., by and through her mother L.K.; and M.C., by and through his mother, T.M., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 12-cv-3320 |
| JULIE HAMOS, in her official capacity as Director of the Illinois Department of Healthcare and Family Services, | ) ) ) ) ) | |
| Defendant. | ) ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Defendant Julie Hamos, in her official capacity as Director of the Illinois Department of Healthcare and Family Services, filed a Motion to Dismiss or Transfer Case to Northern District of Illinois (d/e 21). Defendant asserts that dismissal of this case is warranted because on February 13, 2014 the District Court for the Northern District of Illinois certified a class action in N.B. v. Hamos, Case No. 11 C 06866, which raises identical issues. In the alternative,

Defendant asserts that if the Court prefers to transfer the case, the Court should decline to rule on the motion to dismiss and transfer the case to the Northern District. For the reasons that follow, the Motion to Dismiss or Transfer is DENIED. However, the Court, <u>sua sponte</u>, stays this case pending resolution of the class action.

### I. BACKGROUND

A. <u>The Instant Lawsuit</u>

In November 2012, Plaintiffs T.G., by and through his mother, Ta.G; C.B., by and through his mother, K.O.; L.H., by and through her mother, L.K.; and M.C., by and through his mother, T.M., filed this action. In December 2012, Plaintiffs filed an Amended Complaint. Plaintiffs allege they are Medicaid-eligible persons under the age of 21 who have behavioral or emotional disorders but are not being provided with the treatment required by federal law.

The Amended Complaint (d/e 3) seeks declaratory and injunctive relief for violations of the Early and Periodic Screening, Diagnostic, and Treatment ("EPSDT") program of Medicaid and 42 U.S.C. § 1983 (Count 1); the Americans with Disabilities Act ("ADA") and § 1983 (Count 2), and the Rehabilitation Act (Count 3). Specifically, Plaintiffs seek a declaratory judgment that Defendant's

failure to comply with the mandates of the Medicaid Act, the ADA, and the Rehabilitation Act is unlawful. Plaintiffs also seek to enjoin Defendant from subjecting them to practices that violate Plaintiffs' rights under the Medicaid Act, the ADA, and the Rehabilitation Act. Plaintiffs request money damages under the Rehabilitation Act (Count 4).

On December 19, 2012, the Court entered an Agreed Order directing Defendant to procure a contract for appropriate treatment and placement at a psychiatric residential treatment facility for Plaintiffs (d/e 11). In their response to the Motion to Dismiss or Transfer, Plaintiffs advise the Court that some of them remain in residential treatment while others have been discharged home and are receiving treatment in their respective communities. Pl.'s Resp., d/e 27, p. 1. Accordingly, those Plaintiffs who have been discharged are not currently seeking any additional injunctive relief and seek only damages and attorney's fees for Defendant's prior conduct. Id. The Plaintiffs who remain in residential treatment are seeking continued injunctive relief but are willing to forgo individual injunctive relief if and when class-based relief is granted that addresses their individual situations. Id. at 2.

Finally, Plaintiff C.B. asserts that he will turn 21 in April 2014 and will no longer qualify for EPSDT services. Therefore, it will be impossible for C.B. to receive any benefit from a potential ruling in the N.B. class action and any future relief awarded to Plaintiff C.B. will be remedial in nature. Id.

In the Motion for Partial Summary Judgment Plaintiffs filed in December 2013 (which has not yet been fully briefed), Plaintiffs seek judgment as to liability on all four counts and a trial on the issue of damages in Count 4. Moreover, Plaintiffs assert in the Motion for Partial Summary Judgment that:

> Defendant is knowingly denying Plaintiffs and other children medically necessary treatment to which they are entitled to under the EPSDT provisions of the Medicaid Act by forcing them to either forgo treatment altogether or obtain it by subjecting themselves to extended and repeated psychiatric hospitalization[s]. Defendant's conduct is in clear violation of the Medicaid Act, the Americans with Disabilities Act[,] and the Rehabilitation Act.

Pl. Mot. for Partial Summ. J., d/e 19, p. 6.

B. The N.B. v. Hamos Lawsuit Filed in the Northern District of Illinois

The N.B. v. Hamos lawsuit in the Northern District of Illinois was filed in September 2011. The original Complaint, filed solely by

plaintiff N.B., contained the same four counts contained in the Complaint in T.G. et al. v. Hamos.  See N.B. v. Hamos, Case No. 11 C 06866, d/e 1.  Unlike the T.G. Complaint, the N.B. Complaint also contained class action allegations.

N.B.'s Amended Complaint, filed October 12, 2011, and Second Amended Complaint, filed August 23, 2012, included additional plaintiffs.  Id. at d/e 15, 54.  Only N.B., however, seeks damages in Count 4.

The Second Amended Complaint in N.B. v. Hamos differs slightly from the Complaint in T.G. et al. v. Hamos in regard to the relief sought.  See Exhibit to Mot. to Dismiss, d/e 26-1.  Like the Complaint in T.G. et al. v. Hamos, the Second Amended Complaint in N.B. v. Hamos seeks a declaratory judgment that Defendant's failure to comply with the mandates of the Medicaid Act, the ADA, and the Rehabilitation Act is unlawful, an injunction to bar Defendant from subjecting Plaintiffs (and the class) to practices that violate their rights under the Medicaid Act, the ADA, and the Rehabilitation Act, money damages for N.B. under the Rehabilitation Act, and attorney's fees and costs.

The Second Amended Complaint also seeks, however, preliminary and permanent injunctive relief for violations of the "integration mandate" and seeks an order requiring Defendant to (1) inform individuals with disabilities that they may be eligible for community-based services and have the choice of such services; (2) regularly provide assessments to determine eligibility for community-based services; and (3) promptly provide appropriate services and support to qualifying individuals in the community, creating a viable alternative to treatment in institutional settings. See d/e 26-1; see also N.B. v. Hamos, Case No. 11 C 06866, d/e 54, p. 43.

On February 13, 2014, United States District Judge John J. Tharp, Jr., certified the following class:

> All Medicaid-eligible children under the age of 21 in the State of Illinois: (1) who have been diagnosed with a mental health or behavioral disorder; and (2) for whom a licensed practitioner of the healing arts has recommended intensive home- and community-based services to correct or ameliorate their disorders.

N.B. v. Hamos, -- F. Supp. 2d ---, 2014 WL 562637, at *14 (N.D. Ill. Feb. 13, 2014). The court certified the class under Rule 23(b)(2) for injunctive or declaratory relief only. Id. at 12 (noting that "success

on the plaintiffs' claims will require policy modifications to properly implement EPSDT and the integration mandate"); but see Id. at 7. n.9 ("Class-wide determination of liability is likely possible only in the context of a generally applicable policy that violates EPSDT"). The court appointed attorneys Michelle N. Schneiderheinze (the attorney in T.G. et al. v. Hamos), Robert H. Farley, Jr., and Mary Denise Cahill as class counsel. Id. at 14.

## II. ANALYSIS

Defendant argues that this cause of action should be dismissed in light of the Northern District's certification of a class that encompasses the Plaintiffs and claims pending in this Court. In the alternative, the Court should decline to rule on the dismissal motion and transfer the case to the Northern District.

In support thereof, Defendant asserts that Plaintiffs have no right to opt out of a Rule 23(b)(2) class and, therefore, cannot maintain a separate individual action. Defendant further asserts that allowing Plaintiffs to proceed on their individual suit would lead to the type of inconsistent court rulings class certification is designed to prevent and would inhibit settlement.

Plaintiffs respond that under certain circumstances a plaintiff can opt out of a Rule 23(b)(2) class. Plaintiffs also assert that transfer is not warranted because the damages claims are not subject to class treatment, the potential for inconsistent rulings is non-existent (because, according to Plaintiffs, the law is clear), and transfer would cause unnecessary delay and additional burdens.

Plaintiffs T.G., L.H., and M.C. are part of the class certified in the Northern District. Plaintiff C.B. will attain age 21 in April 2014 but fell within the class definition before attaining the age of 21. Judge Tharp did not provide an opt-out provision, and Plaintiffs have not sought to opt out of the class. See Johnson v. Meriter Health Servs. Emp. Ret. Plan, 702 F.3d 364, 370-71 (7th Cir. 2012) (noting that Rule 23(b)(2) does not mention "opting out" but that "the case law permits the judge to allow opt out").

This Court will not, however, dismiss this action. Plaintiffs have asserted a claim for damages in Count 4. The class certified in N.B. v. Hamos is for injunctive and declaratory relief only. Although the Northern District court has the authority to devise a method of adjudicating individual damages claims, the court may choose not to do so. Moreover, it is unclear, and the parties do not

address, whether the Northern District could adjudicate C.B.'s individual claim for damages if he falls outside the class after class certification. Dismissal is rarely appropriate "unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests." Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co., 203 F.3d 442, 444 (7th Cir. 2000). Because it is unclear whether dismissal will adversely affect Plaintiffs' rights, the Motion to Dismiss is denied.

The Court also, in its discretion, will not transfer the cause of action to the Northern District. Section 1404(a) of Title 28 of the United States Code provides the circumstances under which a court may transfer a civil action to another district or division:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). In cases where the district court is asked to transfer one lawsuit to the forum where an identical lawsuit is pending, the court may consider the order in which the suits were filed among the factors evaluated under § 1404(a). Research

Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 982 (7th Cir. 2010) (refusing to adopt an inflexible rule that the first-filed case controls).

In this case, the action could have been brought in the Northern District because Defendant Hamos, in her official capacity, resides in any judicial district in which she is subject to the court's personal jurisdiction. See 28 U.S.C. § 1391(b)(1) (venue is proper in a judicial district in which "any defendant resides, if all defendants are residents of the State in which the district is located"); § 1391(c)(2) (a defendant entity is deemed to reside in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question). The Northern District case was also filed before the instant case.

However, the Northern District is not convenient to the parties and the witnesses. Although L.H. resides in the Northern District, the remaining Plaintiffs reside in the Central District of Illinois and the relevant treating clinicians are located in this district.

The interests of justice, which in this case include judicial economy and comity, support a stay as opposed to a transfer, in light of the convenience to the parties and witnesses. See Blair v.

Equifax Servs., Inc., 181 F.3d 832, 839 (7th Cir. 1999) (noting that "[w]hen overlapping suits are filed in separate courts, stays (or, rarely, transfers) are the best means of coordination"). Allowing parallel suits to proceed is an inefficient use of court resources.

The parties do not address offensive collateral estoppel,[1] whether the estoppel here would be considered mutual or nonmutual, or whether offensive collateral estoppel could even be asserted against Defendant in the event this Court reached a judgment in favor of Plaintiffs prior to a judgment in the Northern District court. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 332 (1979) (holding that federal courts have the discretion to allow the use of nonmutual offensive collateral estoppel if warranted by the circumstances); United States v. Mendoza, 464 U.S. 154 (1984) (limiting the holding in Parklane by holding that nonmutual offensive collateral estoppel could not be asserted against the United States); Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp., 768 F.2d 1558, 1579 (11th Cir. 1985) (extending Mendoza to state governments). Assuming that collateral estoppel

---

[1] "Offensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from relitigating an issue the defendant has previously litigated unsuccessfully in another action against the same or a different party." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.4 (1979).

would not apply, the issue of whether the Department's system violates the EPSDT provisions and the integration mandate of the ADA and Rehabilitation Act would then be litigated twice and could result in inconsistent adjudications.  This is particularly troubling where, at the very least, T.G., L.H., and M.C. remain members of the class certified in N.B. v. Hamos.

In contrast, because the Northern District action is a class action and Plaintiffs (assuming C.B. remains a member of the class despite attaining the age of 21) are part of that class, the determination in the Northern District will bind Plaintiffs and all other class members.  See, e.g., Schor v. Abbott Lab., 457 F.3d 608, 615 (7th Cir. 2006) (noting that a decision favorable to the defendant in a California lawsuit was not conclusive against a plaintiff who was not a party to that action unless the court in the California action certified a class and the plaintiff failed to opt out).  Resolution of the identical issue on a class-wide basis is a more appropriate use of court resources.  In addition, the Northern District case has been pending since 2011 and that court has as much familiarity with the issues as this Court.

Notably, the instant case has progressed further than N.B. v. Hamos.  Discovery is completed in this case, and a partial motion for summary judgment is pending but not fully briefed.  However, Plaintiffs will not be prejudiced by any delay because, as they asserted, they either remain in residential treatment or are receiving treatment in their respective communities.  The only delay they will suffer is to the recovery of damages and attorney's fees.  Although the Court does not suggest that a delay to recover damages and attorney's fees is minimal, the issue can be quickly resolved following a determination on whether the Department's system violates the EPSDT provisions and the integration mandate of the ADA and Rehabilitation Act.  Staying this case will also reduce the attorney's fees incurred, avoid duplicative work for the attorneys, and streamline any potential settlement.

### III. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss or Transfer Case to Northern District of Illinois (d/e 21) is DENIED. The Court, sua sponte, STAYS this cause of action pending a determination in N.B. v. Hamos of whether the Department's system violates the EPSDT provisions and the integration mandate

of the ADA and Rehabilitation Act. All pending deadlines are vacated. The pending Partial Motion for Summary Judgment (d/e 19) is DISMISSED with leave to refile after a ruling in <u>N.B. v. Hamos</u>.

ENTER: April 21, 2014

FOR THE COURT:

<u>    s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE